UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

— against —

LUIS RODRIGUEZ,

*Defendant*.

No. 01-CR-24(3) (ARR)

Not for print or electronic publication

Opinion & Order

ROSS, United States District Judge:

Defendant, Luis Rodriguez, was acquitted of all charges in the instant case in 2005. He is currently serving a life sentence on double homicide charges in a different case. *See United States v. Rodriguez*, No. 05-CR-153 (KAM). Mr. Rodriguez moves this court *pro se* for relief under Rule 60 of the Federal Rules of Civil Procedure on the grounds that his co-defendant's guilty plea in the instant case constituted fraud upon the court. I dismiss his motion for lack of standing.

## BACKGROUND

On July 24, 2001, a jury convicted Mr. Rodriguez of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841, and conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841, 846. Jury Verdict (July 24, 2001); Superseding Indictment, ECF No. 18. The Second Circuit reversed the conviction on December 16, 2004. *United States v. Rodriguez*, 392 F.3d 539, 541 (2d Cir. 2004). I subsequently acquitted Mr. Rodriguez of both charges. Judgment of Acquittal, ECF No. 139.

Mr. Rodriguez's co-defendant in the instant case, Carlos Medina, pleaded guilty to a superseding information charging him with two counts of using interstate-commerce facilities in the commission of a murder-for-hire, in violation of 18 U.S.C. § 1958(a). *United States v. Medina*, No. 01-CR-24(2), ECF Nos. 152–53 (filed under seal). I sentenced Mr. Medina to 186 months in prison. *Id.*, Crim J., ECF No. 155.

In 2006, in a separate criminal trial before Judge Trager, a jury convicted Mr. Rodriguez of two counts of murder, among other charges. Jury Verdict (Nov. 14, 2006), *United States v. Rodriguez*, No. 05-CR-153; Indictment, ECF No. 6. Mr. Medina cooperated as a government witness, giving testimony against Mr. Rodriguez at trial. Gov't Opp'n 2, ECF No. 168. Mr. Rodriguez was sentenced to life imprisonment and is currently incarcerated at USP Big Sandy in Kentucky. *Inmate Locator*, Bureau of Prisons, https://www.bop.gov/inmateloc. That case is now before Judge Matsumoto, who denied Mr. Rodriguez's motion to vacate his sentence under 28 U.S.C. § 2255 in 2020. *Rodriguez v. United States*, No. 14-CV-6134 (KAM), 2020 WL 7861383 (E.D.N.Y. Dec. 31, 2020).

## DISCUSSION

Mr. Rodriguez now moves for "relief from the judgment" on the grounds that Mr. Medina's superseding information and guilty plea were invalid because offenses carrying a potential death penalty must be charged by indictment. Mem. Supp. Rule 60 Mot. 2–3 ("Mot."), ECF No. 165-1. I need not address the validity of Mr. Medina's guilty plea because Mr. Rodriguez has no standing to bring this motion.

In order to establish Article III standing, a petitioner "must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the . . . challenged action; and redressable by a favorable ruling." *Horne v. Flores*, 557 U.S. 433, 445 (2009). "The critical

question is whether [petitioner] alleged such a personal stake in the outcome of the controversy as to warrant *his* invocation of federal-court jurisdiction." *Id.* (citation and quotation marks omitted). In this case, Mr. Rodriguez—who has already been acquitted of all charges—has not alleged any personal injury that would be redressable by a favorable ruling by this court. Even if I were to find that Mr. Medina's guilty plea was erroneous, such a finding would not impact my acquittal of Mr. Rodriguez over a decade ago. The life sentence that Mr. Rodriguez is currently serving is for different charges in an unrelated case outside my jurisdiction.

## CONCLUSION

Because Mr. Rodriguez has no standing, I dismiss his motion.

SO ORDERED.

Dated: March 24, 2021

Brooklyn, NY

_____/s/_____

Allyne R. Ross

United States District Judge