```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------  X
                                                                   :
  UNITED STATES OF AMERICA,                                        :    01-CR-24(3) (ARR)
                                                                   :
       -against-                                                   :    NOT FOR ELECTRONIC
                                                                   :    OR PRINT PUBLICATION
  LUIS RODRIGUEZ,                                                  :
                                                                   :
                             Defendant.                            :    OPINION & ORDER
                                                                   :
------------------------------------------------------------------  :
                                                                   X
```

ROSS, United States District Judge:

Defendant, Luis Rodriguez, moves to reconsider my March 24, 2021 opinion and order (ECF No. 170) denying his motion for relief from judgment for lack of standing. Def.'s Mot. Recons. 1 ("Def.'s Mot."), ECF No. 172. For the following reasons, I deny defendant's motion.

"A motion for reconsideration may be granted where the moving party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *United States v. Mathis*, No. 02-CR-891 (ARR), 2020 WL 6784136, at *1 (E.D.N.Y. Nov. 18, 2020) (quoting *United States v. Nehmad*, No. 16-CR-829 (AKH), 2020 WL 6719380, at *1 (S.D.N.Y. Nov. 16, 2020) (citation and quotation marks omitted)); Local Crim. R. 49.1(d).

Defendant raises two arguments, but neither provides grounds for reconsideration. First, defendant claims he has Article III standing to challenge the validity of his co-defendant Carlos Medina's guilty plea because the court has not repaid his $100 special assessment fee. Def.'s Mot. Recons. 1–2. While this argument cannot justify reconsideration because defendant did not raise it in his original motion, *see Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012), it nonetheless fails on the merits. As an initial matter, the

government has proven that the court returned the special assessment fee to defendant after his acquittal. Gov't's Opp'n Mot. Recons. 3 & n.4, ECF No. 173. But even if the court had not returned this fee, defendant cannot show that an order invalidating Mr. Medina's guilty plea would redress such an injury. *See Horne v. Flores*, 557 U.S. 433, 445 (2009) (noting that to establish Article III standing, an injury in fact must be "redressable by a favorable ruling"). Mr. Rodriguez is entitled to the return of his special assessment because he was acquitted. *See United States v. Libous*, 858 F.3d 64, 67 (2d Cir. 2017). Invalidating his co-defendant's guilty plea would have no effect on his acquittal or his entitlement to the return of his special assessment.

Second, defendant argues that regardless of whether he has Article III standing, I should exercise ancillary jurisdiction and inherent authority to investigate his allegations that the prosecutors in this case committed fraud on the court. Def.'s Mem. Supp. Mot. Recons. 7–9 ("Def.'s Mem."), ECF No. 172-1. "The supervisory power 'permits federal courts to supervise the administration of criminal justice among the parties before the bar.'" *United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 135 (2d Cir. 2017) (quoting *United States v. Payner*, 447 U.S. 727, 735 n.7 (1980) (citation and quotation marks omitted)). "[G]enerally the exercise of supervisory power arises in the context of requests by defendants to vacate convictions . . . , dismiss indictments . . . , or invalidate sentences . . . ." *United States v. Johnson*, 221 F.3d 83, 96 (2d Cir. 2000) (citations omitted). "However, [t]he supervisory power doctrine is an extraordinary one which should be sparingly exercised." *HSBC Bank USA, N.A.*, 863 F.3d at 136 (citation and quotation marks omitted).

Defendant has not presented evidence that justifies exercising this "extraordinary" power. *Id.* Defendant claims the Assistant U.S. Attorneys in this case exhibited a "pattern of prosecutorial misconduct" by filing "fraudulent documents," including the superseding information against Mr.

Medina and Mr. Medina's cooperation plea agreement, and by eliciting false testimony. Def.'s Mot. 2; Def.'s Mem. 2, 4–5. But defendant has not provided any facts that support these conclusory allegations. Further, the crux of defendant's allegations pertains to conduct in a different criminal matter not before me. Def.'s Mem. 4–5. Therefore, I decline to exercise my inherent authority to investigate fraud on the court in this case.

For the foregoing reasons, Mr. Rodriguez's motion for reconsideration is denied.[1]

SO ORDERED.

Dated: May 10, 2021
Brooklyn, New York

\_\_\_\_/s/_____
Allyne R. Ross
United States District Judge

---

[1] Before filing a motion for reconsideration, defendant requested an extension of time to file a reply in support of his original motion and appointment of counsel. Def.'s Letter, ECF No. 171. I deny defendant's motion to submit a reply as moot because I have considered his additional arguments in deciding the instant motion. I also deny appointment of counsel because defendant has failed to make "a threshold showing of some likelihood of merit." *Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) (citation omitted).